JOHNSON WASTE MATERIALS, INC., James H. Johnson, Wayne Johnson and Jim Johnson ROPA USADA, a partnership, Plaintiffs,

v.

Ray MARSHALL, Secretary of Labor (Successor to W. J. Usery, Jr.), United States Department of Labor, Defendants.

Civ. A. No. 76–B–166.

United States District Court,
S. D. Texas,
Brownsville Division.

June 21, 1977.

---

1. Memorandum and Order of April 22, 1977, at p. 1377.

**1390**

O. C. Hamilton, Jr., McAllen, Tex., for plaintiffs.

James F. Gruben, Dallas, Tex., for defendants.

## ORDER

DANIEL HOLCOMBE THOMAS, District Judge.

Case No. 73–B–168, styled *Peter J. Brennan, Secretary of Labor v. Johnson Waste Materials, Inc., et al*, was tried to the Court without a jury, Daniel H. Thomas, J., sitting by designation, from January 20, 1975, through January 22, 1975, and the opinion filed with the Clerk on July 3, 1975. The same was appealed to the Fifth Circuit by the defendants and was affirmed per curiam, on April 23, 1976. (See unpublished opinion, 5th Cir. No. 75–3215).

Motion for Stay of Execution and to set aside the judgment was filed by the defendants on August 18, 1976. The grounds on which the judgment was asked to be set aside were that the judgment was entered through fraud and because of "newly discovered evidence." This motion was heard on March 4, 1977, by the same judge who tried the original case. During the hearing the allegations of fraud were withdrawn by the attorney for the defendants on behalf of his clients and the Court entered an Order on March 7, 1977, denying the motion to set aside the verdict. (See Order attached hereto) As set out in the Order, the Court found that the testimony did not meet the "newly discovered evidence" requirements, but on the contrary, was merely newly produced evidence, and therefore denied the motion but granted a stay in that case pending the resolution of this cause.

The defendants, Johnson Waste Materials, Inc., James H. Johnson, Wayne Johnson, and Jim Johnson ROPA USADA, a partnership, filed the present independent action (C.A. No. 76–B–166) for relief from the opinion in *Brennan v. Johnson, et al*, C.A. 73–B–168. Rule 60(b), F.R.C.P. This complaint is bottomed on the same "newly discovered evidence" which was sought to be introduced in C.A. No. 73–B–168.

By Order of March 8, 1977, Chief Judge Garza consolidated these two causes of action, namely, C.A. 73–B–168 and C.A. 76–B–166, and assigned them both to Judge Thomas, sitting by designation. A motion filed June 3, 1977, by Johnson Waste Materials "To Rescind Consolidation Order" was denied by Chief Judge Garza on June 16, 1977.

In the hearing on the motion for Stay of Execution or Enforcement of Judgment, which was heard on March 4, 1977, in the case of *Brennan v. Johnson Waste Materials, Inc., et al.*, C.A. No. 73–B–168, the plaintiffs offered all of the evidence that they claimed was newly discovered evidence, which evidence is also the basis of this cause. Such evidence is, as a matter of law, not newly discovered but merely newly produced evidence.

In the same hearing, the plaintiffs withdrew in open court the allegation of fraud as alleged in the plaintiffs' complaint.

In the March 4, 1977, hearing on the motion to set aside the verdict, a certified public accountant employed by the defendants was proffered who had audited the so-called "newly discovered evidence" and would have testified to the effect that this evidence clearly showed that the individuals for whom the Secretary filed suit not only were employees but had been underpaid in the amount of $50,000.00 rather than the amount found by the Court in C.A. 73–B–168, namely $104,204.00.

It is argued by the attorney for the plaintiffs (Johnson Waste Materials, Inc., et al) that it would have been to the advantage of the defendant in C.A. 73–B–168 (also Johnson Waste Materials, Inc., et al) to have had the alleged "newly discovered evidence" produced at the original trial. However, as stated in the Court's Order of March 7, 1977, the production of such evidence would clearly have destroyed defendant's defense in that case to the effect that not only did they owe no back wages, but that there was no relationship of employer-employee, and that the plaintiffs for whom the Secretary

filed in 73–B–168 were independent contractors.

The defendant, Secretary of Labor, on May 25, 1977, filed a Motion to Dismiss Plaintiff's Complaint or Motion for Summary Judgment.

Rule 12(b) of the Federal Rules of Civil Procedure requires defendants to present all available defenses to the action in question. To deny the motion for summary judgment in this case would not only be a violation of the newly discovered evidence rule, but might well encourage litigants to withhold pertinent documents in one trial and when ruled against, seek to reopen it at a later date by then producing the evidence, thus presenting each alternative defense in a separate action.

As Chief Judge Garza noted in his Order of February 16, 1977, in C.A. No. 73–B–168:

".   .   . it would serve the Movants (Johnson Waste Materials, Inc.) well to impress upon their memory the fact that it is not the function of an independent action to relitigate issues finally determined in another action between the same parties, especially so when the initial action has been determined worthy of affirmance by a Court of Appeals, and further that a hearing on a Motion to Stay Execution or Enforcement of Judgment is likewise not a forum for the relitigation of determined issues."·

However, this is exactly what was attempted in the motion and hearing in 73–B–168, and is being attempted in the present action.

It also appears that the plaintiffs are and will be unable to adduce and present competent evidence in this record that could support any recovery for the plaintiffs. Therefore, the defendant should be granted judgment on the record of this case as provided for in Rule 56(b) F.R.C.P. There is no genuine issue as to any material fact, and the defendant is entitled to judgment as a matter of law.

Accordingly, summary judgment in favor of the defendant will be entered. Costs are to be taxed against the plaintiffs.